UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CAROLYN MAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:07-CV-338 |
| ) | (VARLAN/GUYTON) |
| MICHAEL J ASTRUE, ) | |
| Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation with regard to the Motion For Summary Judgment [Doc. 14] of plaintiff and the Motion For Summary Judgment [Doc. 16] of the defendant Commissioner.

The plaintiff was 49 years of age at the time of her hearing before the Administrative Law Judge ("ALJ") in January, 2006. She had past relevant work in fast food restaurants as a counter person, cashier and clean up, and in a small deli as a cook. She alleged disability beginning March, 2004 due to (heart) chest pain, shortness of breath and seizures. The plaintiff also complained of inability to use her right shoulder, following two surgeries.

The ALJ determined that the plaintiff had the residual functional capacity for performing "the full range of light work." (Tr. 19). The ALJ found that the plaintiff, 49 years of age and with a high school education, "has past relevant work experience as a fast food worker." (Tr. 19). The ALJ then states that "considering the claimant's residual functional capacity, age, education, and work experience, she is not disabled." (Tr. 19).

However, the ALJ did not make a finding as to whether her "severe" heart impairment, pulmonary impairment and right shoulder impairment implicated additional exertional and/or non-exertional limitations. Moreover, no functional capacity assessment was obtained and no vocational expert testified, and apparently, was not consulted by the Commissioner or the plaintiff's non-lawyer representative who handled her claim before the ALJ. It is unclear to the Court whether the plaintiff can or can not, with or without restrictions, return to her past relevant work as a fast food restaurant employee. Therefore, the ALJ's conclusion that the plaintiff is not disabled is not fully supported.

That being said, the record by no means proves on its face that the plaintiff is disabled. It is recommended that this case be remanded to the defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g). It is further recommended that plaintiff be examined by a physician and that all appropriate assessments be done. It is also recommended that a qualified vocational expert be questioned regarding available jobs. To that end, it is recommended that the

plaintiff's Motion [Doc. 14] be **GRANTED** only for remanding the case as aforesaid. It is also recommended that the defendant's Motion [Doc. 16] be **DENIED**.[1]

       **IT IS SO ORDERED.**

                                 **ENTER:**

                                 s/ H. Bruce Guyton
                                 United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).